UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ZACHARY CROUCH, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>TENNESSEE DEPARTMENT OF HUMAN )<br>SERVICES, )<br>)<br>      Defendant. ) | No. 3:24-CV-142-TAV-DCP |

## ORDER & REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court his on Application to Proceed In Forma Pauperis With Supporting Documentation ("Application") [Doc. 1] and on Plaintiff's Complaint [Doc. 2]. For the reasons more fully stated below, the undersigned **GRANTS** Plaintiff's Application [**Doc. 1**] and **RECOMMENDS** that the District Judge **DISMISS** Plaintiff's Complaint [**Doc. 2**].

### I.   DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application [Doc. 1] with the required detailing of his financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must

show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has no income and no assets. Considering Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, sua sponte dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999).[1] The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language

---

[1] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status. *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In addition to the above screening measures, "a court has an independent obligation to dismiss a case '[i]f the court determines at any time that it lacks subject-matter jurisdiction . . .'" *Ellis Warren v. Dep't of Treasury*, No. 15-CV-11367, 2015 WL 5166008, at *1 (E.D. Mich. May 6, 2015) (alterations in original) (citing Fed. R. Civ. P. 12(h)(3)), *report and recommendation adopted*, No. 15-CV-11367, 2015 WL 4545995 (E.D. Mich. July 28, 2015). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

> A. **Summary of the Allegations**

According to Plaintiff, the Tennessee Department of Human Services ("DHS") authorized one year of food stamps for him [Doc. 2 p. 2]. DHS confirmed his food stamps by telephone call and certified mail [*Id*.]. After four months of receiving food stamps, Plaintiff states that DHS "illegally and fraudulently ended [them]" [*Id*.]. In addition, Plaintiff paid taxes to the Internal Revenue Service ("IRS") when he worked in 2023 [*Id*.]. He was supposed to be entitled to a refund of $1,202.42, but the amount the IRS credited to his bank account was only $178.14 [*Id*.]. Plaintiff alleges that the "difference was said to be given to the [DHS] for a debt that [he] does not owe" [*Id*.]. Plaintiff alleges fraud, "according to [the] federal fraud laws" and theft "according to [the] federal embezzlement laws" [*Id*.]. He seeks $2,024,25 in damages, which constitutes the $1,000 in food stamps and the amount of his refund he alleges is due [*Id*. at 2–3].

B.     **Screening of the Complaint**

"The Eleventh Amendment prohibits nonconsenting states from being sued by private individuals in federal court." *Burnes v. Smith*, No. 3:18-CV-00608, 2018 WL 3472821, at *2 (M.D. Tenn. July 17, 2018) (citation omitted). It also "applies to state agencies such as the Department of Human Services." *Id.* (citation omitted). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102 ("No court in the state shall have any power, jurisdiction or authority to entertain any suit against the state . . . with a view to reach the state, its treasury, funds or property . . ."); *see also Burnes*, 2018 WL 3472821, at *2 (explaining that Tennessee has not waived its sovereign immunity in a lawsuit filed against DHS).

Here, Plaintiff seeks compensation in the amount of $2,024.28 from DHS [Doc. 2 p. 3]. The Court does not have jurisdiction over his claim. *Van Buren v. Tennessee Dep't of Hum. Servs.*, No. 13-2092, 2014 WL 28834, at *1 (W.D. Tenn. Jan. 2, 2014) (adopting the magistrate's judge recommendation that the court lacked jurisdiction over the plaintiff's claim of damages that he had been discriminated against by the DHS in its administration of the food stamp program). The Court has considered whether allowing Plaintiff to amend his Complaint, but given that the Court lacks jurisdiction, an amendment would not cure the deficiency.

III.    **CONCLUSION**

For the reasons explained above, the undersigned **GRANTS** Plaintiff's Application to

4

Proceed In Forma Pauperis With Supporting Documentation [**Doc. 1**][2] and **RECOMMENDS**[3] that the District Judge **DISMISS** Plaintiff's Complaint [**Doc. 2**].

Respectfully submitted,

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[2] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).